The Fullman Firm
Adam C. Fullman (SBN 194249)
Grenville T. Pridham (SBN 120695)
13512 Newhope Street
Garden Grove, CA 92843
Telephone: (714) 534-0050
Facsimile: (714) 534-0550

Attorneys for plaintiff Amalia T. Cuenco

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA T. CUENCO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LIVINGSTON FINANCIAL LLC, a business entity form unknown; GEORGE LOUIS COHN, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.   CV10-03706 DDP(JEMX)<br><br>**PLAINTIFF AMALIA T. CUENCO'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Unlawful Debt Collection Practices** |

## I. INTRODUCTION

1. This is a consumer credit action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA" or "Act") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 *et*

*seq.* Plaintiff seeks actual damages, injunctive relief, a declaratory judgment, statutory damages and other relief against Defendant debt collectors arising from their routine practices of filing or proceeding on lawsuits on time barred debts.

## II. JURISDICTION

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), actionable through 28 U.S.C. § 1331 and 1337. Jurisdiction over the supplemental state law claims arise under 28 U.S.C. § 1367.

3. In personam jurisdiction exists and venue is proper as Defendant Cohn has his place of business in this state and regularly does business in this district. Defendant Livingston Financial LLC regularly does business in this district. Plaintiff is a resident of this district and the alleged violations occurred here.

## III. PARTIES

4. Plaintiff Amalia T. Cuenco ("Plaintiff"), is an adult individual residing in Pomona, Los Angeles County, California. At all times material hereto Plaintiff was a "consumer" as that term is contemplated in §1692a of the Act.

5. Defendant Livingston Financial LLC ("Livingston") is a business entity form unknown engaged in the business of collecting debts due or alleged to be due to others across the state of California. As such, Livingston is a "debt collector" as that term is contemplated in §1692a(6) of the Act.

6. Defendant Cohn is the outside counsel for Defendant Livingston and is actively engaged in the business of collecting debts due or alleged to be due to others across the state of California, and has his principal office for the regular transaction of business in the City of Redondo Beach, County of Los Angeles, State of California. As such Cohn is a "debt collector" as that term is contemplated in §1692a(6) of the Act. Cohn has personal involvement in the acts challenged by this lawsuit.

7. All defendants are hereinafter collectively referred to as "Defendants."

## IV. FACTUAL ALLEGATIONS

8. On or about May 18, 2009, Defendants filed a lawsuit against Plaintiff in the Los Angeles County Superior Court by filing a Complaint at Docket Number 09C01755 (the "Lawsuit").

9. The Lawsuit set forth causes of action for 1) money lent, 2) money had and received, 3) breach of contract, 4) account stated, and 5) open book account, with each cause of action seeking damages in the amount of $4,669.87.

10. The alleged debt was a US Bank Visa credit card debt, incurring fees and interest.

11. The last activity on the account was more than four (4) years prior to the Defendants' filing of the Lawsuit.

12. The Defendants filed a proof of service of the summons and complaint in the Lawsuit which alleged service by substituted service on an "Amy Doe" at a residential address in Pico Rivera at which Plaintiff had neither resided nor received her mail for over ten years. In fact, however, no person at that address was served with any documents anyway.

13. Furthermore, Defendants knew Plaintiff's correct address in Pomona, as evidenced by documents filed in the Lawsuit. It is unknown why Defendants did not serve Plaintiff at her address, of which they were well aware, and instead chose to attempt a futile and insufficient substituted service to a person at an address at which Plaintiff had not resided for over a decade.

14. Resultantly, Plaintiff was never served with the summons and complaint in the Lawsuit, and was thus prevented from defending herself against the untimely-filed Lawsuit.

15. On March 30, 2010, Defendants applied for entry of default and for a default judgment in an amount which included interest and attorneys fees. Defendants' actions on March 30, 2010 to secure a default judgment against Plaintiff occurred within one year prior to the filing of Plaintiff's original Complaint herein, filed on May 17, 2010.

16. On or about March 30, 2010, a default was entered against Plaintiff in the Lawsuit.

17. On or about April 29, 2010, a default judgment was entered on the Lawsuit in favor of the Defendants and against Plaintiff for $3,786.05, together with prejudgment interest in the amount of $1,926.22, and court costs of $260.00, totaling $5,972.27.

18. The judgment in the Lawsuit was based upon a "Declaration in Support of Default Judgment C.C.P. 585(d)" (the "Declaration").

19. The Declaration stated in part: "According to the records of Plaintiff, Defendant(s) failed to pay any part of this balance due, and there is now due and owing from the Defendant(s) to the Plaintiff the sum of $4,669.87 with interest thereon from and after 2/20/05 at the rate of 10% per annum."

20. The sole exhibit attached to the Declaration is a "January Statement for activity from Jan. 01, 2005 through Jan. 31, 2005," which shows the subject debt as a "CHARGE OFF" on January 31, 2005.

21. May 18, 2009 (the date the Lawsuit was filed) was more than four (4) years after the debt was charged off on January 31, 2005 or the alleged damage accrual date of February 20, 2005.

COMPLAINT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

## V. LEGAL ALLEGATIONS

22. Pursuant to California law, lawsuits such as the Lawsuit against the named Plaintiff may only be brought and prosecuted within four years of the date of the obligation to pay on the debt. The Lawsuit against Plaintiff was filed outside of the statute of limitations, and Defendants failed and refused to properly investigate the issue and continued to pursue the Lawsuit on the time barred debt nonetheless.

23. The practice of filing or proceeding with collection lawsuits on time-barred debts when Defendants either knew or should have known of the expiration of the statute of limitations, and its collection of any amounts (including principal and suit expenses) as a result of such lawsuits, violates §§1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f (1) of the Act.

## VI. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Against all Defendants for Violations of the**

FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692** *et seq.*

24. Plaintiff repeats and realleges and incorporates by reference the paragraphs above as if set forth herein in full.

25. As a result of the foregoing violations of the FDCPA, Defendants, LIVINGSTON FINANCIAL LLC and GEORGE LOUIS COHN are liable to the Plaintiff, AMALIA T. CUENCO, for declaratory judgment that the Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

26. The Defendants, by filing or proceeding with collection lawsuits on time-barred debts and/or seeking to collect any amounts for materials or services furnished arising from a credit card debt, have violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f(1) of the Fair Debt Collection Practices Act.

27. **WHEREFORE**, Plaintiff requests that this Court enter judgment for Plaintiff as follows:

   (a) Awarding actual damages;
   (b) Awarding statutory damages to the Plaintiff as provided by 15 U.S.C. §1692k(a)(2);
   (c) Awarding Plaintiff her costs and reasonable attorney's fees;
   (d) Entry of a Declaratory Judgment that Defendant's practice of suing for and collecting on time-barred lawsuits and/or lawsuits for goods or services furnished arising from alleged credit card debt to be unlawful under the Fair Debt Collection Practices Act; and
   (e) Granting such other and further relief as may be deemed just and proper.

## SECOND CAUSE OF ACTION

**Against all Defendants for Violations of the**

**ROSENTHAL ACT, Cal. Civil Code § 1788** *et seq.*

28. Plaintiff repeats and realleges and incorporates by reference the paragraphs above as if set forth herein in full.

29. The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. was enacted in 1976 to protect consumers from the oppressive and over-reaching debt collection practices of creditors and professional debt collectors. Civil Code § 1788.1(b). The Legislature found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civil Code § 1788.1(a)(2). The Rosenthal Act as originally passed set forth a list of proscribed collection practices. Then, in 1999, the Legislature expanded creditor liability even further, by incorporating violations of the federal Fair Debt Collection Practices Act as violations of the Rosenthal Act. Civil Code § 1788.

30. The purported debt which defendant attempted to collect from plaintiff was a "consumer debt" within the meaning of Civil Code § 1788.2(f).

31. Defendants violated the provisions of Civil Code § 1788.17 by:

(a) engaging in conduct the natural consequence of which was to harass, oppress, or abuse plaintiff and other parties in connection with collection of a debt, in violation of 15 U.S.C. § 1692d; and/or

(b) using false, deceptive, or misleading misrepresentations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e; and (f) using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

32. As a proximate result of defendants' violations enumerated above, plaintiff has been damaged in amounts which are subject to proof.

33. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling plaintiff to statutory damages pursuant to Civil Code § 1788.30(b). Plaintiff is also entitled to the remedies set forth at 15 U.S.C. §1692k., pursuant to Civil Code § 1788.17.

34. Plaintiff is entitled to recover her reasonable attorney's fees and costs pursuant to Civil Code §1788.30(c), and 15 U.S.C. § 1692k.

35. At all times herein, defendants acted with malice, and with a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy and/or injure plaintiff and members of the general public.

WHEREFORE Plaintiff prays for relief as set forth below.

9
COMPLAINT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants, awarding relief as follows:

1. For a declaratory judgment that Defendant's conduct violated the FDCPA;
2. For actual and compensatory damages in an amount to be ascertained according to proof pursuant to FDCPA and Rosenthal Act and all other causes of action;
3. For statutory damages of $1,000.00, per violation of law, pursuant to FDCPA, 15 U.S.C. § 1692k;
4. For statutory damages of $1,000.00, per violation of law, pursuant to the Rosenthal Act, Cal Civil Code § 1788.30;
5. For punitive damages in an amount sufficient to punish Defendants and deter others from like conduct;
6. For an injunction prohibiting Defendants from further collection efforts against Plaintiff and from selling, transferring, or otherwise disposing of the account to another;
7. For prejudgment interest;
8. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action, pursuant to 15 U.S.C. §§ 1692k and Cal. Civil Code § 1788.30; and

9. For such other and further relief as this Court deems just and proper.

Dated: May 17, 2010.

Respectfully submitted,
THE FULLMAN FIRM
Adam C. Fullman, Esq.
Grenville Pridham, Esq.
13512 S. Newhope Street
Garden Grove, CA 92843
Tel: (714) 534-0050
Fax: (714) 534-0550

By: *Grenville Pridham*
Grenville Pridham, Esq.

Attorneys for Plaintiff,
AMALIA T. CUENCO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV10- 3706 DDP (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
The Fullman Firm
Adam C. Fullman
Grenville T. Pridham
13512 S. Newhope Street
Garden Grove, CA 92843
Telephone: (714) 534-0050
Facsimile: (714) 534-0550

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA T. CUENCO<br><br>PLAINTIFF(S)<br>v.<br><br>LIVINGSTON FINANCIAL LLC, a business entity form unknown; GEORGE LOUIS COHN, an individual; And DOES 1 TO 50, INCLUSIVE,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10-03706 DDP(JEMX)**<br><br><br>SUMMONS |

TO: DEFENDANT(S): LIVINGSTON FINANCIAL LLC; GEORGE LOUIS COHN; AND DOES 1 TO 50, INCLUSIVE

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Adam Fullman / Grenville Pridham__ whose address is __13512 S. Newhope Street, Garden Grove, California 92843__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __MAY 17 2010__

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)   SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Amalia T. Cuenco

**DEFENDANTS**
Livingston Financial LLC and George L. Cohn

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
The Fullman Firm, Adam C. Fullman, Grenville Pridham
13512 S. Newhope Street, Garden Grove, CA 92843
714-534-0050   FAX 714-534-0550

**Attorneys** (If Known)
George L. Cohn
2850 Artesia Boulevard
Redondo Beach, CA 90278-9200
(310) 370-3730

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, 15 USC 1692 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| | ☐ 196 Franchise | | | ☐ 650 Airline Regs | |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV10-03706 DDP(JEMX)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                                  CIVIL COVER SHEET                                                Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County - George L. Cohn | Minnesota, not registered to do business in California - Livingston Financial LLC |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Grenville Pridham_   Date May 17, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |